UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

O'BRIEN RASHAAD ANDERSON

Case No. 3:25-cr-187-WWB-PDB
18 U.S.C. § 371

**INFORMATION**

The United States Attorney charges:

**COUNT ONE**

A. <u>Introduction</u>

At all times material to this Information:

1. Medicare was a federally funded health care benefit program that provided medical coverage for persons age 65 and over and for persons under age 65 who were disabled.

2. Medicare was a "health care benefit program" as defined in 18 U.S.C. § 24(b).

3. Medicare was divided into four parts: A, B, C, and D. As relevant to this Information, Part A provided insurance benefits for inpatient hospital stays, skilled nursing facility care, hospice care, and certain eligible home health care services for Medicare beneficiaries who had an illness or disability that caused them to be homebound. Part C allowed private health insurance companies to offer

Medicare-approved insurance plans through which beneficiaries received Medicare benefits and additional benefits as provided under the plans.

4. The defendant, O'BRIEN RASHAAD ANDERSON, was an employee and office manager at Elite Home Health, LLC ("EHH"), which had its principal place of business in Jacksonville, Florida.

5. Co-conspirator Brandon Lavon Groover was the owner and operator of EHH.

6. EHH was a provider of home health care services and was enrolled with Medicare as a participating provider to allow it to be reimbursed for providing such care to Medicare beneficiaries.

7. Physicians commonly used a Medicare Form 485, Home Health Certification and Plan of Care, to order home health care services.

## B. Charge

Beginning no later than in or about November 2021 and continuing through in or about November 2024, in the Middle District of Florida, and elsewhere, the defendant,

O'BRIEN RASHAAD ANDERSON,

did knowingly and willfully combine, conspire, confederate, and agree with others, both known and unknown to the United States Attorney, to commit an offense against the United States, that is, to knowingly and willfully make, and cause to be made, materially false, fictitious, and fraudulent statements and representations, and

make and use, and cause to be made and used, materially false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in connection with the delivery of and payment for health care benefits, items, and services under a health care benefit program, that is, Medicare, in violation of 18 U.S.C. § 1035(a).

### C. Manner and Means

The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, but were not limited to, the following:

1. Beginning on an unknown date but no later than November 2021 and continuing through November 2024, the defendant and co-conspirators engaged in a scheme to defraud Medicare by making materially false and fraudulent statements regarding home health care services provided by EHH.

2. The scheme involved the falsification and forgery of physicians' signatures on Medicare Form 485s, physical therapy orders, physician orders, and other documents submitted in support of claims for reimbursement from Medicare.

3. To commit the forgeries, the defendant and co-conspirators cut out genuine physicians' signatures from documents and affixed the signatures to documents required by Medicare to certify the necessity of treatment or continuation of treatment. By doing so, they made it appear that the physician whose signature was on the document had performed an initial evaluation of the patient or had

recertified the patient for continued receipt of home health care services when in fact the physician had not done so.

4. The forged documents were sent to Medicare to justify that the services were medically necessary and to support reimbursement of claims submitted for reimbursement from Medicare.

5. The defendant was involved in the daily operations at EHH and participated in, and was aware of, the use of the forged physician signatures and the submission of the fraudulent documents to Medicare.

6. Between November 2021 and November 2024, EHH was paid approximately $300,000 by Medicare based on claims submitted by EHH that contained materially false and fraudulent information.

### D. Overt Acts

In furtherance of the conspiracy and to effectuate the objects thereof, the following overt acts, among others, were committed within the Middle District of Florida and elsewhere:

1. On or about February 14, 2024, the defendant or a co-conspirator forged the signature of Dr. D.S. on a Medicare Form 485 plan of care for the period of January 31, 2024, through March 30, 2024, for Medicare beneficiary J.C.

2. On or about April 19, 2024, the defendant or a co-conspirator forged the signature of Dr. A.K. on a Medicare Form 485 plan of care for the period of February 20, 2024, through April 19, 2024, for Medicare beneficiary T.F.

3. On or about July 9, 2024, the defendant or a co-conspirator forged the signature of Dr. N.P. on a Medicare Form 485 plan of care for the period of June 16, 2024, through August 14, 2024, for Medicare beneficiary C.B.

All in violation of 18 U.S.C. § 371.

## FORFEITURE

1. The allegations contained in Count One of this Information are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(7).

2. Upon conviction of a conspiracy to violate 18 U.S.C. § 1035, in violation of 18 U.S.C. § 371, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, which constitutes or is derived from gross proceeds traceable to the offense.

3. If any of the property described above, as a result of any act or omission of a defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

                              GREGORY W. KEHOE
                              United States Attorney

By: _____
      ARNOLD B. CORSMEIER
      Assistant United States Attorney

By: _____
      MICHAEL J. COOLICAN
      Assistant United States Attorney
      Deputy Chief, Jacksonville Division